IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KRYSTAL WAGNER, *Individually, and as Administrator of the Estate of Shane Jensen*, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF IOWA; and WILLIAM L. SPECE *a/k/a* BILL, <br><br> Defendants. | No. 19-CV-3007-CJW-KEM <br><br> **ORDER** |

_____

This matter is before the Court on its own motion requesting supplemental briefing.

On February 13, 2019, plaintiffs filed their complaint in this Court. (Doc. 1). In the complaint, plaintiffs asserted several claims surrounding the death of Shane Jensen ("Mr. Jensen"). (*Id.*). In short, plaintiffs alleged that Mr. Jensen, while in possession of a handgun, became involved in a standoff with Department of Natural Resources Officer William L. Spece ("Officer Spece"), a Humboldt Police Department officer, and three Humboldt County Sheriff's deputies. (*Id.*, at 3-4). During the standoff, Officer Spece shot and killed Mr. Jensen. (*Id.*, at 3-5). Plaintiffs alleged numerous claims against the State of Iowa and Office Spece, including several violations of the United States Constitution and the Iowa Constitution, negligence, and loss of consortium on behalf of Krystal Wagner. (*Id.*, at 7-14).

On April 23, 2019, defendants moved to dismiss all the claims brought against them in plaintiffs' complaint. (Doc. 7). Plaintiffs agreed to dismiss several of the claims, but resisted dismissal on others. (Doc. 12, at 1-2). The Court addressed the resisted claims in its order filed on July 29, 2019. (Doc. 18). After analyzing the resisted claims, the Court dismissed several of the claims. (*Id.*, at 29). The Court, however, denied the motion to dismiss on Counts I and II (excessive force and substantive due process, respectively) against Officer Spece in his individual capacity, to the extent those claims are asserted under Title 42, United States Code, Section 1983, and allowed those claims to proceed. (*Id.*). The Court also held in abeyance defendants' motion as to Counts I and II (again, excessive force and substantive due process) against Officer Spece in his individual capacity to the extent those counts assert claims under the Iowa Constitution pending a response to several questions certified to the Iowa Supreme Court. (*Id.*).

In its July 29, 2019 order, the Court also certified four questions to the Iowa Supreme Court:

a. Does the Iowa Tort Claims Act, Iowa Code Chapter 669, apply to plaintiffs' constitutional tort causes of action?

b. Is the available remedy under the Iowa Tort Claims Act for excessive force by a law enforcement officer inadequate based on the unavailability of punitive damages? And if not, what considerations should courts address in determining whether legislative remedies for excessive force are adequate?

c. Are plaintiffs' claims under the Iowa Constitution subject to the administrative exhaustion requirement in Iowa Code Section 669.5(1)?

d. Are plaintiffs required to bring their Iowa constitutional claims in the appropriate Iowa district court under Iowa Code Section 669.4?

(*Id.*, at 29-30).

On December 31, 2020, the Iowa Supreme Court issued a thorough opinion and a dissent answering the certified questions. *Wagner v. State*, No. 19-1278, 2020 WL 7775949 (Iowa Dec. 31, 2020). In short, the Iowa Supreme Court answered the Court's certified questions, respectively:

1. Yes, as to the procedural requirements of that Act.
2. No.
3. Yes.
4. Yes.

*Id.* at *1.

In light of the Iowa Supreme Court's answers to the certified questions, the Court requests supplemental briefing from the parties. Specifically, the Court requests the parties' positions on what impact the Iowa Supreme Court's answers have on the remaining claims. If necessary, the parties may also address other issues in this matter that are affected by the Iowa Supreme Court's answers. The parties must each file their briefs addressing the issues by **5:00 p.m. on Friday, January 22, 2021**. If, after reviewing the parties' initial pleadings, the Court finds responsive pleadings are necessary, the Court will request additional briefing at that time. After reviewing the parties response the Court will also instruct the parties by separate order to file a trial scheduling order so that the Court may set this matter for trial.

**IT IS SO ORDERED** this 6th day of January, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa