IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KRYSTAL WAGNER, *Individually, and as Administrator of the Estate of Shane Jensen*,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE OF IOWA; and WILLIAM L. SPECE *a/k/a* BILL,<br><br>    Defendants. | No. 19-CV-3007-CJW-KEM<br><br>**ORDER** |

_____

This matter is before the Court on its own motion responding to the parties' supplemental briefing (Docs. 22 & 23).

On February 13, 2019, plaintiffs filed their complaint in this Court. (Doc. 1). On April 23, 2019, defendants moved to dismiss all the claims brought against them in plaintiffs' complaint. (Doc. 7). The Court denied the motion to dismiss on plaintiffs' excessive force and substantive due process claims against defendant William L. Spece ("Officer Spece") in his individual capacity, to the extent those claims are asserted under Title 42, United States Code, Section 1983. (Doc. 18, at 29). The Court also held in abeyance defendants' motion on the excessive force and substantive due process claims against Officer Spece in his individual capacity to the extent those claims are asserted under the Iowa Constitution, pending a response to several questions certified to the Iowa Supreme Court.[1] (*Id.*). The Court dismissed the remaining claims. (*Id.*).

---

[1] The parties refer to these as *Godfrey*-type claims based on the Iowa Supreme Court's discussion of violations of the Iowa Constitution in *Godfrey v. State*, 898 N.W.2d 844 (Iowa 2017).

On December 31, 2020, the Iowa Supreme Court issued an opinion in which in answered the Court's certified questions. *Wagner v. State*, No. 19-1278, 2020 WL 7775949 (Iowa Dec. 31, 2020). On January 6, 2021, this Court requested supplemental briefing from the parties in light of the Iowa Supreme Court's answers. (Doc. 20). Specifically, the Court asked for "the parties' positions on what impact the Iowa Supreme Court's answers have on the remaining claims." (*Id.*, at 3). On January 22, 2021, plaintiffs and defendants timely filed responses in accordance with the Court's order. (Docs. 22 & 23).

Defendants assert that in *Wagner v. State* the Iowa Supreme Court held that "plaintiffs must exhaust their remedies with the state appeal board prior to filing a constitutional tort claim against the state or a state officer acting in his official capacity." (Doc. 22, at 2). Defendants also assert *Wagner* held "that 'direct claims for damages under the Iowa Constitution may be pursued only in the Iowa courts absent the State's consent or waiver in a specific case.'" (*Id.*) (quoting *Wagner*, 2020 WL 7775949, at *20). Thus, defendants argue that federal courts lack jurisdiction over state constitutional torts "unless the plaintiff has exhausted all state tort remedies and the State has waived Eleventh Amendment immunity or otherwise consented to suit in federal court." (*Id.*, at 3). Defendants request the Court dismiss the Iowa constitutional tort claims against Officer Spece for lack of jurisdiction. (*Id.*).

Plaintiffs appear to generally agree. Plaintiffs concede "that the Iowa Supreme Court held punitive damages are not available on [plaintiffs'] claims under the Iowa Constitution," that "she must comply with the administrative exhaustion requirement of the [Iowa Tort Claims Act]," and that plaintiffs are generally required to bring their Iowa constitutional tort claims in the appropriate Iowa District Court. (Doc. 23, at 2–3). Plaintiffs assert, however, that the State can waive its Eleventh Amendment immunity and allow the state claims to be heard in federal court. (*Id.*, at 3). Plaintiffs admit that

defendants have not waived their Eleventh Amendment immunity here, but could do so at any time and request the Court give the State an opportunity (ten days) to decide whether to waive its immunity. (*Id.*, at 3–4).

The Court agrees that, absent a waiver of Eleventh Amendment immunity, federal courts do not have jurisdiction over Iowa constitutional tort claims. When asked via certified questions whether plaintiffs' claims under the Iowa Constitution are subject to the administrative exhaustion requirement in Iowa Code Section 669.5(1) and whether plaintiffs are required to bring their Iowa constitutional claims in the appropriate Iowa district court, the Iowa Supreme Court concisely answered "Yes" to both questions. *Wagner*, 2020 WL 7775949, at *1. The Iowa Supreme Court's corresponding analysis further supports its affirmative conclusions. *Id.* at 13–15. In light of the Iowa Supreme Court's answers to the certified questions, the Court finds it does not have jurisdiction over the Iowa constitutional claims. The only remaining claims are plaintiff's excessive force and substantive due process claims against defendant Officer Spece in his individual capacity, to the extent those claims allege a violation of the United States Constitution and are brought under Title 42, United States Code, Section 1983.

Defendants reassert their initial request to dismiss the Iowa constitutional tort claims against Officer Spece for lack of jurisdiction, so the Court finds it unlikely that the State will waive their Eleventh Amendment immunity here. The Court will, however, grant plaintiffs' request that the State have ten days to decide whether to waive its immunity. If defendants waive their immunity and agree all the other requirements for Iowa constitutional claims have been satisfied, they are to notify the Court via a notice filed on the docket. If the State does not file a notice within ten days, the claims are to be considered dismissed without a further order of the Court. The parties must also file a revised Proposed Scheduling Order and Discovery Plan for the Court to consider by February 19, 2021.

**IT IS SO ORDERED** this 26th day of January, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa