# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

KRYSTAL WAGNER, *Individually, and as Administrator of the Estate of Shane Jensen*,

    Plaintiffs,

vs.

STATE OF IOWA; and WILLIAM L. SPECE *a/k/a* BILL,

    Defendants.

No. 19-CV-3007-CJW-KEM

**ORDER**

---

   This matter is before the Court on defendants' Motion to Dismiss filed on April 23, 2019. (Doc. 7). On July 29, 2019, the Court entered a Memorandum Opinion and Order ruling on the motion to dismiss. (Doc. 18). The Court granted in part and denied in part defendants' motion. (*Id.*, at 29–30). The Court also certified several questions to the Iowa Supreme Court and held in abeyance the claims relating to the certified questions. (*Id.*). The Court stayed proceedings pending a response from the Iowa Supreme Court on the certified questions. (*Id.*).

   On December 31, 2020, the Iowa Supreme Court issued an opinion answering the Court's certified questions. (Doc. 25). After the Iowa Supreme Court filed it answers, this Court requested supplemental briefing from the parties. (Doc. 20). Specifically, the Court requested the parties' positions on what impact the Iowa Supreme Court's answers have on the remaining claims here. (*Id.*, at 3). The parties complied with the Court's order and timely filed supplemental briefing. (Docs. 22 & 23). The Court issued an order stating its position in response. (Doc. 24).

On February 2, 2021, the Court instructed the Clerk of Court to reopen the motion to dismiss (Doc. 7) that had been administratively closed pending the answers to the certified questions (Doc. 18). Although the Court essentially ruled on the remaining claims in its order responding to the supplemental briefing (Doc. 24), for purposes of having a clear record the Court finds it appropriate to directly rule on the motion to dismiss here. Nothing in this order is intended to change the Court's rulings in its July 29, 2019 order on defendants' motion to dismiss, but instead is necessary only to rule on the claims held in abeyance and to clarify which claims remain in this Court.

## I.    BACKGROUND

The Court has explained the factual background in its previous orders but finds it helpful to reiterate the background information here before turning to its discussion of the remaining claims.

Plaintiffs' complaint asserts several claims surrounding the death of Shane Jensen. (Doc. 1). Plaintiffs allege that at all material times, the State of Iowa ("State") employed Officer William L. Spece ("Officer Spece") as a conservation officer through the Iowa Department of Natural Resources ("DNR"). (*Id.*, at 2). On or about November 9, 2017, a warrant was issued for Mr. Jensen's arrest. (*Id.*, at 3). Officer Spece, who "was in Humboldt County on conservation-related business," assisted in the search for Mr. Jensen. (*Id.*, at 4). While in possession of a handgun, Mr. Jensen became involved in a standoff with Officer Spece, a Humboldt Police Department officer, and three Humboldt County Sheriff's deputies. (*Id.*, at 3-4). During the standoff, Officer Spece shot and killed Mr. Jensen. (*Id.*, at 4-5).

Plaintiffs allege numerous claims against the State and Officer Spece, and several of the counts identified by plaintiffs contain multiple causes of action. Plaintiffs assert that the State failed to have proper policies or practices in place and failed to properly train, equip, and/or supervise Officer Spece. (*Id.*, at 6-7). Plaintiffs allege that these

2

failures led to the violation of Mr. Jensen's rights to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and under Article I, Section 8 of the Iowa Constitution. (*Id.*, at 7-9). Plaintiffs also allege that the State violated Mr. Jensen's substantive due process rights under the Fourteenth Amendment to the United States Constitution and under Article I, Section 9 of the Iowa Constitution, although it is unclear which acts or omissions by the State form the basis of plaintiffs' claims. (*Id.*, at 7-9). Plaintiffs additionally claim that the State was negligent in failing to "have in place reasonable policies and procedures regarding the use of deadly force, and/or to properly train, equip and supervise" Officer Spece. (*Id.*, at 11-13).

As to Officer Spece, plaintiffs allege that Officer Spece's use of deadly force against Mr. Jensen violated Mr. Jensen's right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and under Article I, Section 8 of the Iowa Constitution. (*Id.*, at 7-9). Plaintiffs also assert that the use of deadly force violated Mr. Jensen's right to substantive due process under the Fourteenth Amendment to the United States Constitution and under Article I, Section 9 of the Iowa Constitution. (*Id.*, at 9-10). Plaintiffs allege that Officer Spece was negligent in using deadly force against Mr. Jensen. (*Id.*, at 11-12). Plaintiffs further claim that Officer Spece acted under color of state law. (*Id.*, at 7, 10). Plaintiffs' constitutional and negligence claims against Officer Spece seek judgment against him "individually and as a DNR officer." (*Id.*, at 8, 10, 12). Finally, Krystal Wagner individually asserts claims for loss of consortium against the State and Officer Spece. (*Id.*, at 13).

## II. DISCUSSION

In the Court's July 29, 2019 ruling on defendants' motion to dismiss, the Court denied the motion as it related to plaintiffs' excessive force and substantive due process claims against Officer Spece in his individual capacity, to the extent those claims are

asserted under Title 42, United States Code, Section 1983. (Doc. 18, at 29). The Court also held in abeyance defendants' motion on the excessive force and substantive due process claims against Officer Spece in his individual capacity to the extent those claims are asserted under the Iowa Constitution, pending the response to several questions certified to the Iowa Supreme Court. (*Id.*). The Court dismissed the remaining claims, including all the claims against the State and all the claims against Officer Spece in his official capacity. (*Id.*).

In its July 29, 2019 order, the Court also certified four questions to the Iowa Supreme Court:

 a. Does the Iowa Tort Claims Act, Iowa Code Chapter 669, apply to plaintiffs' constitutional tort causes of action?

 b. Is the available remedy under the Iowa Tort Claims Act for excessive force by a law enforcement officer inadequate based on the unavailability of punitive damages? And if not, what considerations should courts address in determining whether legislative remedies for excessive force are adequate?

 c. Are plaintiffs' claims under the Iowa Constitution subject to the administrative exhaustion requirement in Iowa Code Section 669.5(1)?

 d. Are plaintiffs required to bring their Iowa constitutional claims in the appropriate Iowa district court under Iowa Code Section 669.4?

(*Id.*, at 29–30).

On December 31, 2020, the Iowa Supreme Court issued a thorough opinion and a dissent answering the certified questions. *Wagner v. State*, 952 N.W.2d 843 (Iowa 2020). In short, the Iowa Supreme Court answered the Court's certified questions, respectively:

 1. Yes, as to the procedural requirements of that Act.

 2. No.

 3. Yes.

 4. Yes.

*Id.* at 847.

Based on the answers from the Iowa Supreme Court, this Court finds that, absent a waiver of Eleventh Amendment immunity, federal courts do not have jurisdiction over Iowa constitutional tort claims.[1] When asked via certified questions whether plaintiffs' claims under the Iowa Constitution are subject to the administrative exhaustion requirement in Iowa Code Section 669.5(1) and whether plaintiffs are required to bring their Iowa constitutional claims in the appropriate Iowa district court, the Iowa Supreme Court concisely answered "Yes" to both questions. *Wagner*, 952 N.W.2d at 847. The Iowa Supreme Court's corresponding analysis further supports its affirmative conclusions. *Id.* at 862–65. In light of the Iowa Supreme Court's answers to the certified questions, the Court finds it does not have jurisdiction over the Iowa constitutional claims and thus, those claims are dismissed without prejudice.

Thus, the only remaining claims in this Court are plaintiffs' excessive force and substantive due process claims against Officer Spece in his individual capacity, to the extent those claims allege a violation of the United States Constitution and are brought under Title 42, United States Code, Section 1983.

### III. CONCLUSION

For these reasons, the Court hereby finds:

1.  This order does nothing to alter or amend the previous dismissals laid out in the Court's July 29, 2019 order. (Doc. 18, at 29). The Court directs the parties to that order for a full explanation of the Court's reasoning on those claims.

2.  Defendants' Motion to Dismiss is **granted** as to plaintiffs' excessive force and substantive due process claims against Officer Spece in his individual

---

[1] In its order responding to the parties' supplemental briefing, the Court granted plaintiffs' request that the State be given ten days to decide whether to waive its immunity. (Doc. 24, at 3). The ten days have passed, and the Court has not received any notice that the State has waived its immunity.

Case 3:19-cv-03007-CJW-KEM   Document 29   Filed 02/11/21   Page 5 of 6

capacity, to the extent those counts assert claims under the Iowa Constitution, and the Court **dismisses those claims without prejudice**.

3. This Order does nothing to alter the Court's previous findings on plaintiffs' excessive force and substantive due process claims against Officer Spece in his individual capacity, to the extent those claims allege a violation of the United States Constitution and are brought under Title 42, United States Code, Section 1983.

4. The only remaining claims pending before this Court are plaintiffs' excessive force and substantive due process claims against defendant Officer Spece in his individual capacity, to the extent those claims allege a violation of the United States Constitution and are brought under Title 42, United States Code, Section 1983.

5. Any remaining stay on proceedings is lifted.

**IT IS SO ORDERED** this 11th day of February, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa